```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
EURIPEDES FRIAS NUNEZ,                                        :
                                     Plaintiff,               :
                                                              :         19 Civ. 9293 (LGS)
                 -against-                                    :
                                                              :              ORDER
NEW YORK LIVE POULTRY, INC., LLC, ET AL,                      :
                                                              :
                                     Defendants.              :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on August 27, 2020, the parties filed their joint letter and proposed settlement agreement, in this action arising under the Fair Labor Standards Act ("FLSA"), and on August 31, 2020, the parties filed additional supporting documentation substantiating the requested expenses and costs.  The parties are required to explain why their settlement should be approved as "fair and reasonable" under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), *cert denied.*, 136 S. Ct. 824 (2016), and *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335–36 (S.D.N.Y. 2012).  It is hereby

**ORDERED** that approval of the settlement agreement is DENIED.  Per below, the parties' joint submissions contain the following deficiencies, which are in "tension with the remedial purposes" of FLSA, *Cheeks*, 796 F.3d at 206, and which must be addressed before the parties' settlement may be approved as fair and reasonable.

1. The Court cannot approve as part of the FLSA settlement the non-disparagement provision in Section 10, as it is not mutual, contrary to the parties' representation in their joint letter, and the carve-out for truthful statements is too narrowly limited to statements made in the context of court proceedings.  *See* Section 10 (" Non-Disparagement").  Any such carve-out must at least allow for truthful statements about "plaintiffs' experience litigating their case."  *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *2

(S.D.N.Y. May 8, 2017).

2. The Court cannot approve as part of the FLSA settlement Section 15, which prohibits any communication by Plaintiff with personnel of Defendants and prevents Plaintiff from appearing at or near the store premises.  *See* Section 15 ("No Communication by Plaintiff with Personnel of Defendants").

**ORDERED** that the parties shall file any amendment or revised settlement agreement addressing the deficiencies above, by **September 30, 2020**.

Dated: September 15, 2020
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**